IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CATHERINE METCALF                                                                                               PLAINTIFF

V.                                                                              CIVIL ACTION NO. 4:21-CV-96-SA-DAS

CLARKSDALE MUNICIPAL SCHOOL DISTRICT,
DR. JOE NELSON, and DR. SHANTA RHODES                                               DEFENDANTS

ORDER

On April 20, 2022, the Court entered an Order [19] noting various deficiencies in Metcalf's Complaint [1] and ordering her to amend her complaint within fourteen days. She filed her Amended Complaint [20] on May 3, 2022. In her Amended Complaint [20], the case heading lists the same Defendants—Clarksdale Municipal School District ("CMSD"), Dr. Joe Nelson, and Dr. Shanta Rhodes—and alleges liability under the ADEA. However, when reviewing the Amended Complaint [20] itself, it appears that she does not intend to pursue claims against Dr. Nelson and Dr. Rhodes. For example, under the "Parties" section, the Amended Complaint [20] only lists CMSD as a Defendant. *See* [20] at p. 2. Similarly, in the prayer for relief, Metcalf requests judgment "against the *defendant*[.]" *Id*. at p. 6 (emphasis added).

On May 5, 2022, Dr. Nelson and Dr. Rhodes filed a Motion to Dismiss [22]. In their supporting Memorandum [23], they aver that, while it is unclear if Metcalf seeks to pursue ADEA claims against them, to the extent that such claims are asserted, they are improper. Dr. Nelson and Dr. Rhodes cite case law from both the Fifth Circuit and this Court for the proposition that an individual cannot be liable under the ADEA. *See*, *e.g.*, *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. App'x 243, 247 (5th Cir. 2017); *Fortson v. Embry-Riddle Aeronatuical Univ.*, 1998 WL 378361, at *1 (N.D. Miss. Apr. 30, 1998) ("Under Title VII law, an individual

acting in his individual capacity cannot be held liable as an 'employer for purposes of Title VII . . . . The same legal premise holds true to suits brought against employees under ADEA.").

Perhaps conceding that Dr. Nelson and Dr. Rhodes' arguments are correct, Metcalf did not respond to their Motion to Dismiss [22], despite otherwise participating in discovery in this case as evidenced by subsequent filings on the docket.

The Court finds the Motion [22] to be well-taken and it is hereby GRANTED. *See Malcolm*, 709 F. App'x at 247 (citing *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n. 1 (5th Cir. 2001); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001)) ("Individuals are not liable under Title VII in either their individual or official capacities. Likewise, the ADEA provides no basis for individual liability for supervisory employees.") (internal quotation marks omitted).

To the extent Metcalf has asserted claims against Dr. Nelson and Dr. Rhodes, they are DISMISSED *with prejudice*. The Clerk of Court shall terminate Dr. Nelson and Dr. Rhodes as Defendants on the docket in this case.

SO ORDERED, this the 3rd day of August, 2022.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE